UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| SCARLETT PIPKIN, | : |
| | : CIVIL ACTION NO. |
| Plaintiff, | : 3:03CV0019 (MRK) |
| | : |
| v. | : |
| | : |
| BRIDGEPORT BOARD OF EDUCATION, | : |
| SUPERINTENDENT SONIA DIAZ SALCEDO, | : |
| in her official and individual capacities, | : |
| ASSISTANT SUPERINTENDENT, KENNETH | : |
| HENRICI, in his official and individual | : |
| capacities, INTERIM MATHEMATICS | : |
| DIRECTOR, RICARDO ROSA, in his official | : |
| and individual capacities, GEAR UP | : |
| DIRECTOR, LEROY DUPEE, in his official | : |
| and individual capacities AND TEACHER, | : |
| JORGE PEZO, in his official and individual | : |
| capacities, | : |
| | : |
| Defendants. | : OCTOBER 23, 2003 |

**DEFENDANTS' MEMORANDUM OF LAW
IN SUPPORT OF THEIR MOTION TO COMPEL
INITIAL DISCLOSURES AND DISCOVERY
AND FOR RELATED RELIEF**

Defendants, Bridgeport Board of Education, Sonia Diaz Salcedo, Kenneth Henrici, Ricardo Rosa and Jorge Pezo, by and through undersigned counsel, submit this memorandum of law in support of their motion to compel discovery and for related relief.

I. **NATURE OF ACTION**

Plaintiff brought this claim on or about January 3, 2003.[1] Plaintiff claims that Defendants discriminated against her on the basis of race, color and age by creating a hostile work environment, subjecting her to disparate treatment, by denying her a teaching position in the Summer 2001 Summer Gear Up Program, and transferring her from Math Resource Teacher to Classroom Teacher. She alleges that these acts by Defendants violated 42 U.S.C. §§ 1981 and 1983, Title VII and the Age Discrimination in Employment Act ("ADEA"). She further claims that Defendants negligently and intentionally inflicted emotional distress upon her.

Defendants deny all allegations and contend that Plaintiff was denied a teaching position in the Summer 2001 Gear Up Program by a diverse selection committee comprised of two (2) individuals acting on behalf of the State of Connecticut, and two (2) individuals acting on behalf of the Bridgeport Board of Education, and that the denial was based on observations of Plaintiff's teaching during the previous Summer. Defendants further contend that Plaintiff was one (1) of several resource room teachers, who were transferred to classroom positions following a reorganization, which was designed to improve the delivery of classroom instruction system-wide. Defendants further deny that they intentionally, or negligently, inflicted emotional distress upon Plaintiff.

II. **BACKGROUND**

On or about April 15, 2003, Defendants, Sonia Diaz Salcedo, Kenneth Henrici, Ricardo Rosa and Jorge Pezo, filed their Initial Disclosures. Thereafter, following service by Plaintiff on

---

[1] Plaintiff first alleged discrimination against the Bridgeport Board of Education by filing a charge with the Commission on Human Rights and Opportunities, and with the Equal Employment Opportunity Commission, on or about June 8, 2001.

Defendant, Bridgeport Board of Education, the Board filed its Initial Disclosures on or about September 16, 2003. To date, Plaintiff has not filed or served her Initial Disclosures. (Affidavit of Counsel, ¶¶ 2-4, served herewith.[2])

On or about May 16, 2003, Plaintiff served her First Set of Interrogatories and Requests for Production for Defendant, Bridgeport Board of Education. Despite the fact that Plaintiff's interrogatories exceeded twenty-five (25) in number,[3] the Board served its objections and responses on June 16, 2003 and supplemented its responses on July 11, 2003. (Aff. of Counsel, ¶¶ 5-7.)

On June 2, 2003, Defendants served their First Set of Interrogatories and First Request for Production of Documents on Plaintiff. (Aff. of Counsel, ¶ 8 and Exhibit A thereto.) On July 2, 2003, Plaintiff served objections to several discovery requests, but did not answer or provide responsive documents to any requests -- whether objected to or not. (Aff. of Counsel, ¶¶ 9-10 and Exhibit B thereto.) Specifically, Plaintiff objected to Interrogatory Nos. 1-3, 16 and 17 and Request for Production Nos. 1-4, 6, 8 and 10. (Aff. of Counsel, Exhibit B.)

On August 21, 2003, Defendants' counsel discussed Plaintiff's failure to file and serve her Initial Disclosures and to respond to discovery requests, including those to which she did not object, with Marc Glenn of the Law Offices of W. Martyn Philpot. (Aff. of Counsel, ¶ 11.) During that conversation, Attorney Glenn assured Defendants' counsel that Plaintiff would file

---

[2] Hereinafter "Aff. of Counsel."
[3] Contrary to Fed. R. Civ. P. 33(a), and the parties agreement in their Planning Meeting pursuant to Fed. R. Civ. P. 26(f) that either party may request permission to serve more than twenty-five (25) interrogatories, Plaintiff failed to do so before serving thirty-seven (37) interrogatories.

and serve Initial Disclosures and respond to all interrogatories and requests for production to which she did not object by the end of the following week, or by August 29, 2003. (Aff. of Counsel, ¶ 12.) To date, Plaintiff has not filed or served her Initial Disclosures, nor has she responded to any discovery requests. (Aff. of Counsel, ¶ 18.)

During the August 21, 2003 telephone conference, Defendants' counsel and Attorney Glenn also discussed several of Plaintiff's objections, and Attorney Glenn agreed to provide responses to Interrogatory Nos. 1-3, as the information becomes available. Attorney Glenn also agreed to respond to Interrogatory No. 16 regarding Plaintiff's other lawsuits, administrative proceedings and grievances for the last ten (10) years. Plaintiff's counsel also agreed to make a good faith attempt to respond to Interrogatory No. 17. (Aff. of Counsel, ¶ 13(a)-(c).)

As to Defendants' Requests for Productions, Attorney Glenn agreed to provide responses to Request Nos. 1-3. (Aff. of Counsel, ¶ 13(d).) Attorney Glenn's agreement to respond to Interrogatory No. 1 impliedly resolved Plaintiff's objection to the related production request, Request No. 4. Counsel also agreed that Defendants would revisit Request Nos. 6 and 10 after reviewing the disclosures and responses it expected to receive by August 29, 2003. Counsel were not able to reach an agreement regarding Request No. 8. (Aff. of Counsel, ¶¶ 14-15.) However, Defendants' counsel maintains that all discovery requests are relevant and within the scope of Fed. R. Civ. P. 26(b) and that Defendants are entitled to all requested information, including the three (3) requests which remain in dispute -- Nos. 6, 8 and 10.

**Requests To Which Plaintiff Has Objected**

Defendants' requests and Plaintiff's objections to Request Nos. 6, 8 and 10, are as follows:

I. <u>Defendants' Request No. 6</u>: All documents concerning, relating or referring to any after-school and/or Summer employment that Plaintiff sought or has had since May 2001.
<u>Plaintiff's Objection</u>: This request seeks documentation which may or may not be relevant and therefore is not reasonably crafted to lead to the discovery of admissible evidence at trial.
<u>Why Disclosure Should Be Compelled</u>: Request No. 6 seeks information regarding Plaintiff's efforts to mitigate her alleged damages, and Plaintiff's objection acknowledges that such information "may" be relevant. There is no question that Defendants are entitled to information regarding mitigation.

II. <u>Defendants' Request No. 8</u>: All correspondence by or to any state or federal agency with regard to Plaintiff's allegations contained in the Corrected Amended Complaint.
<u>Plaintiff's Objection</u>: This request is not limited in time and is unduly vague and overly burdensome.
<u>Why Disclosure Should be Compelled</u>: Request No. 8 seeks copies of communications between Plaintiff and state and federal administrative agencies regarding the factual basis of her allegations herein. This request is not only relevant to the subject matter of Plaintiff's Complaint, but refers directly to Plaintiff's allegations. Further, Plaintiff's objection regarding time limitations lacks merit, because Plaintiff's own allegations limit the time period.

III. <u>Defendant's Request No. 10</u>: All other documents Plaintiff believes serve to prove, or further the proof of, any elements of her claim.
<u>Plaintiff's Objection</u>: The request is overly broad, vague, unduly burdensome, and premature as all documents plaintiff intends to produce at trial will be disclosed pursuant to the parties' Joint Trial Memorandum.
<u>Why Disclosure Should Be Compelled</u>: Request No. 10 seeks copies of documentary evidence Plaintiff expects to use at trial -- clearly within the scope of Fed. R. Civ. P. 26(b). There is no reason to wait until filing the

> joint trial memorandum to disclose documentary evidence, and Defendants contend that they are entitled to any and all potential evidence as it becomes available.

(*See* Aff. of Counsel, Exhibit B.)

Thereafter, on September 16, 2003, Defendants' counsel again attempted to convince Plaintiff to comply with the rules and file and serve her Initial Disclosures and respond to discovery requests. (Aff. of Counsel, ¶ 16 and Exhibit C thereto.) To date, Plaintiff has not complied.

The parties agreed to provide a damages analysis for any claim or counterclaim by October 31, 2003. (Parties Joint Proposed Planning Memorandum, Sec. VI.E.9.) In addition, Plaintiff's expert's report was due on October 16, 2003, and Defendants have until November 16, 2003 to conduct follow-up discovery with respect to such report or depose Plaintiff's expert. (Scheduling Order dated May 1, 2003.) In addition Defendant's expert's report is due on December 16, 2003, and discovery closes on January 16, 2003. (*Id.*) Defendants have not been able to assess their damages and counterclaims, or determine what their needs may be with respect to conducting further discovery, by way of supplemental written requests, depositions and/or retention of expert(s). Defendants are severely prejudiced in developing their defense with respect to Plaintiff's claims herein.

### III. LAW AND ARGUMENT

   A. **Plaintiff's Failure To Comply With Fed. R. Civ. P. 26(a) Warrants Granting Defendants' Motion For An Order To Compel Compliance And For Related Relief**

According to Fed. R. Civ. P. 26(a)(1), Plaintiff was required to provide her Initial Disclosures to Defendants on or before April 21, 2003. *See* Fed. R. Civ. P. 26(a)(1). Plaintiff

6

never requested leave of this Court for additional time in which to comply. Plaintiff never discussed her failure to comply or discussed an extension of timelines with Defendants' counsel. In fact, during a telephone conference with Defendants' counsel on August 21, 2003 (four (4) months after her disclosures were due), Plaintiff's counsel promised to provide the disclosures by August 29, 2003. Thereafter, on September 16, 2003, Defendants' counsel provided Plaintiff with one more opportunity to comply before filing the instant motion. To date, Plaintiff has not filed or served her Initial Disclosures.

Accordingly, Defendants move pursuant to Fed. R. Civ. P. 37 for an order to compel Plaintiff to comply with Rule 26(a) and file and serve her Initial Disclosures and for related relief by way of additional time in which to assess counterclaims and damages, additional time in which to depose Plaintiff's expert and to conclude Defendants' discovery, plus costs and fees associated with this motion.

**B.     Plaintiff's Failure To Respond To Those Interrogatories And Requests For Production To Which She Did Not Object Warrants Granting An Order To Compel Complete Responses And Related Relief**

A party is required to answer to all interrogatories and requests for production, unless objected to, within thirty (30) days after service. *See* Fed. R. Civ. P. 33(b)(1) and 34(b). Defendants served their First Set of Interrogatories and First Request for Production of Documents on Plaintiff on June 2, 2003, consisting of seventeen (17) interrogatories and ten (10) production requests. On July 2, 2003, Plaintiff objected to Interrogatory Nos. 1-3, 16 and 17 and Request for Production Nos. 1-4, 6, 8 and 10. However, Plaintiff did not respond to any interrogatories or production requests not objected to. Nor did Plaintiff request leave of this Court for an extension of time in which to respond or discuss additional time with Defendants'

counsel. Plaintiff's counsel did promise to respond to every request not objected to by August 29, 2003. Plaintiff still has not responded to one (1) discovery request.

Accordingly, Defendants move pursuant to Fed. R. Civ. P. 37 for an order to compel Plaintiff to respond to each discovery request not objected to and for related relief by way of additional time in which to assess counterclaims and damages, additional time in which to depose Plaintiff's expert and to conclude Defendants' discovery, plus costs and fees associated with this motion.

### C.    Plaintiff's Objections Are Not Reasonable And Should Be Overruled

The general scope of discovery is defined by Fed. R. Civ. P. 26(b), which states in pertinent part:

> Parties may obtain discovery regarding any matter, not privileged, which is relevant to the claim or defense of any party, including the existence, description, nature, custody, condition and location of any books, documents, or other tangible things, and the identity and location of persons having knowledge of any discoverable matter.

Rule 34(a), which defines the scope of requests for production, states that a party may request the production of any documents "within the scope of Rule 26(b)." It is well established that the Federal Rules of Civil Procedure concerning discovery must be broadly and liberally construed in favor of disclosure. *Hickman v. Taylor*, 329 U.S. 495, 507, 67 S.Ct. 357 (1947); *Herbert v. Lando*, 441 U.S. 153, 177, 99 S.Ct. 1635 (1979); *Stonybrook Tenants Ass'n v. Albert*, 29 F.R.D. 165, 168 (D. Conn. 1961); *Novack v. Goodwill*, 28 F.R.D. 394, 395 (D. Conn. 1961). If documents requested in discovery are relevant, they should be produced. *U.S. v. Nysco*, 26 F.R.D. 159, 161-62 (E.D.N.Y. 1960). The test of relevance is not limited to the admissibility of evidence at trial. Rather, information is discoverable if it is relevant to the subject matter of the

action. *Chemical Bank v. Dana*, 149 F.R.D. 11, 13 (D. Conn. 1993). Evidence which itself would be inadmissible may be sought if it may reasonably be expected to lead to the discovery of admissible evidence. *Langlois v. Allen*, 30 F.R.D. 67, 67-68 (D. Conn. 1962).

The purpose of discovery is to enable the parties to seek evidence which may have some bearing on the case. "[T]he scope of discovery is very broad, 'encompassing any matter that bears on, or that reasonably could lead to other matters that could bear on, any issue that is or that may be in the case.'" *Maraesco v. Evans Chemetics Div. of W.R. Grace & Co.*, 964 F.2d 106, 114 (2d Cir. 1992) (*quoting Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351, 98 S.Ct. 2380 (1978)). Defendants' requests herein clearly satisfy this standard and disclosure should be compelled.

Despite the facts that all of Defendant's discovery requests are appropriate and that, Plaintiff's counsel already agreed to respond at least in part to previously objected to requests, Defendants have yet to see any responses. Further, even the three (3) production requests, which remain in dispute following the August 21, 2003 telephone conversation between counsel, are relevant, appropriate and clearly within the scope of Fed. R. Civ. P. 26(b), as set forth, *supra*, p. 5.

Accordingly, Defendants request this Court to grant its Motion for Order to Compel Plaintiff to fully respond to all requests and for related relief by way of additional time in which to assess counterclaims and damages, additional time in which to depose Plaintiff's expert and to conclude Defendants' discovery, plus costs and fees associated with this motion.

D. **Defendants' Request For Related Relief And Sanctions Is Appropriate And Should Be Granted**

  1. **Plaintiff's Failure To Comply With Any Discovery Timelines And/Or Rules Warrants Granting Defendants Additional Time To Assess Damages And Counterclaims And To Determine What Additional Discovery They Will Need**

Plaintiff's Initial Disclosures were due seven (7) months ago, and her discovery responses were due three and one-half (3-1/2) months ago. Defendants delayed filing this Motion to Compel because they relied to their detriment on assurances of Plaintiff's counsel, and their desire to avoid the necessity of court intervention. Had Plaintiff provided timely disclosures and responses, Defendants would have had ample time to assess any damages they may have suffered, file counterclaims, determine what additional discovery may be necessary and develop their defenses. However, Plaintiff has so delayed discovery in this matter that Defendants have only one (1) week to assess damages, approximately three (3) weeks to depose Plaintiff's expert, retain their own expert and disclose that expert's report, and less than three (3) months to conclude all discovery. The prejudice to Defendants is self-evident, and Defendants respectfully request that their deadline for deposing Plaintiff's expert and disclosing their own expert's report be extended four (4) weeks beyond Plaintiff's full compliance with all discovery requests and that their discovery cutoff be extended twelve (12) weeks beyond Plaintiff's full compliance or through February 28, 2004, whichever is later. Plaintiff, on the other hand, has received everything she has requested and has had ample time to prepare her case without prejudice or delay, and does not require any extensions.

10

### 2.  Defendants Are Entitled To Reimbursement Of Fees And Expenses Associated With Their Motion To Compel

Rule 37(a)(4)(A) provides, that, if a motion to compel discovery is granted, the moving party should be awarded fees and expenses "unless the court finds that the objection to discovery was substantially justified or other circumstances make an award of expenses unjust."  This rule creates a presumption in favor of an award.  *DeVaney v. Continental American Ins. Co.*, 989 F.2d 1154, 1162 (11th Cir. 1993); *Revgo Pacific Corp. v. Johnson Pump Co.*, 680 F.2d 647, 649 (9th Cir. 1982).  Plaintiff herein did not object to filing her Initial Disclosures or to most discovery requests -- she simply failed to comply, despite Counsel's assurances to the contrary on August 21, 2003.  Plaintiff has not provided any justification for her failure to comply, leaving Defendants no choice but to file this costly and time-consuming motion.  Plaintiff instituted this action against Defendants, yet it is Defendants who have cooperated and complied with every timeline and every discovery request, while Plaintiff has simply ignored the rules and failed to prosecute her claim.  Fees and expenses should be reimbursed to Defendants.

## IV.  CONCLUSION

Based upon the foregoing, Defendants' Motion to Compel and for Related Relief should be granted in all respects.

Done at Bridgeport, Connecticut this 23rd day of October, 2003.

_____
Pamela J. Coyne
DURANT, NICHOLS, HOUSTON, HODGSON &
 CORTESE-COSTA, P.C.
1057 Broad Street
Bridgeport, CT  06604
203-366-3438
203-384-0317 (Facsimile)
Pcoyne@durantnic.com
Federal Bar No. ct22941
ATTORNEYS FOR DEFENDANTS,
BRIDGEPORT BOARD OF EDUCATION,
SONIA DIAZ SALCEDO, KENNETH HENRICI,
RICARDO ROSA & JORGE PEZO

**CERTIFICATION**

I hereby certify that a copy of the foregoing was caused to be served this 23rd day of October, 2003 via U. S. Mail, Certified Mail, Return Receipt Requested, to the following counsel and pro se parties of record:

W. Martyn Philpot, Jr., Esq.
Law Office of W. Martyn Philpot, Jr., LLC
409 Orange Street
New Haven, CT 06511

*Pamela J. Coyne*

P:\lit\pjc\091200\377\00036320.DOC