affmtncomp

# UNITED STATES DISTRICT COURT
## DISTRICT OF CONNECTICUT

SCARLETT PIPKIN,                               :
                                               :    CIVIL ACTION NO.
        Plaintiff,                             :    3:03CV0019 (MRK)
                                               :
v.                                             :
                                               :
BRIDGEPORT BOARD OF EDUCATION,                 :
SUPERINTENDENT SONIA DIAZ SALCEDO, :
in her official and individual capacities,     :
ASSISTANT SUPERINTENDENT, KENNETH :
HENRICI, in his official and individual        :
capacities, INTERIM MATHEMATICS               :
DIRECTOR, RICARDO ROSA, in his official        :
and individual capacities, GEAR UP            :
DIRECTOR, LEROY DUPEE, in his official         :
and individual capacities AND TEACHER,         :
JORGE PEZO, in his official and individual     :
capacities,                                    :
                                               :
        Defendants.                            :    OCTOBER 23, 2003

## AFFIDAVIT OF COUNSEL IN SUPPORT OF
## DEFENDANTS' MOTION TO COMPEL AND FOR RELATED RELIEF

Pamela J. Coyne, being duly sworn, deposes and says:

1.      I am an attorney in the law firm of Durant, Nichols, Houston, Hodgson & Cortese-Costa, P.C., attorneys for Defendants in the above-captioned matter.

2.      On or about April 15, 2003, Defendants, Sonia Diaz Salcedo, Kenneth Henrici, Ricardo Rosa and Jorge Pezo, filed their Initial Disclosures.

3.      Thereafter, following service by Plaintiff on the Board of Education, the Board filed its Initial Disclosures on or about September 16, 2003.

4.      To date, Plaintiff has not filed her Initial Disclosures.

5.    On or about May 16, 2003, Plaintiff served her First Set of Interrogatories and Requests for Production for Defendant, Bridgeport Board of Education.

6.    Despite the fact that Plaintiff served thirty-seven (37) interrogatories without first requesting permission from this Court, the Board served its objections and responses on June 16, 2003.

7.    The Board supplemented its responses thereto on July 11, 2003.

8.    On June 2, 2003, Defendants served their First Set of Interrogatories and First Request for Production of Documents on Plaintiff (attached hereto as Exhibit A.)

9.    On July 2, 2003, Plaintiff served objections to Interrogatory Nos. 1-3, 16 and 17 and Request for Production Nos. 1-4, 6, 8 and 10 (attached hereto as Exhibit B.)

10.    Plaintiff did not answer or provide responsive documents to any interrogatories or the production requests, whether objected to or not.  (*See* Exhibit B.)

11.    On August 21, 2003, I discussed Plaintiff's failure to file and serve her Initial Disclosures and to respond to discovery requests with Attorney Marc Glenn of the Law Offices of W. Martyn Philpot.

12.    During that conversation, Attorney Glenn stated that Plaintiff would file and serve Initial Disclosures and respond to all interrogatories and requests for production to which she did not object by the end of the following week (by August 29, 2003).

13.    During that conversation, Attorney Glenn and I also discussed Plaintiff's objections and reached agreement, as follows:

a.    Attorney Glenn agreed to provide responses to Interrogatory Nos. 1-3, as the information becomes available;

2

        b.      Attorney Glenn also agreed to respond to Interrogatory No. 16 regarding Plaintiff's other lawsuits, administrative proceedings and grievances, limited to the last ten (10) years;

        c.      He also agreed to make a good faith attempt to respond to Interrogatory No. 17; and

        d.      Attorney Glenn agreed to provide responses to Request for Production Nos. 1-3.

14.     We also agreed that following receipt of Plaintiff's Initial Disclosures and discovery responses, we would revisit Request for Production Nos. 6 and 10.

15.     We were not able to reach agreement with respect to Request for Production No. 8.

16.     On September 16, 2003, I attempted one more time to convince Plaintiff to comply with the rules and file and serve her Initial Disclosures and respond to discovery requests. (*See* Exhibit C.)

17.     Despite my communications with Plaintiff's counsel and efforts to secure disclosure without court action, to date, Plaintiff has not filed and served her Initial Disclosures, which were due on April 21, 2003.

18.     Despite my communications with Plaintiff's counsel and efforts to secure responses to discovery requests without court action, to date, Plaintiff has not responded to any discovery requests, whether objected to, later agreed to, or not.

WHEREFORE, Plaintiff's motion to compel and for related relief, including sanctions, should be granted in its entirety.

_Pamela Coyne_
Pamela J. Coyne

Sworn to and subscribed before me
this 23 day of October, 2003.

_Clara T. Curso_
Notary Public
My Commission Expires 9/30/08

4

## CERTIFICATION

I hereby certify that a copy of the foregoing was caused to be served this 23rd day of

October, 2003 via U. S. Mail, Certified Mail, Return Receipt Requested, to the following counsel

and pro se parties of record:

      W. Martyn Philpot, Jr., Esq.
      Law Office of W. Martyn Philpot, Jr., LLC
      409 Orange Street
      New Haven, CT  06511

Pamela J. Coyne

P:\lit\pjc\091200\377\00036341.DOC

# EXHIBIT A

**UNITED STATES DISTRICT COURT**
**DISTRICT OF CONNECTICUT**

| | | |
|---|---|---|
| SCARLETT PIPKIN, | : | |
| | : | |
| Plaintiff, | : | CIVIL ACTION NO. |
| | : | 3:03CV0019 (JBA) |
| v. | : | |
| | : | |
| BRIDGEPORT BOARD OF EDUCATION, | : | |
| SUPERINTENDENT SONIA DIAZ SALCEDO, | : | |
| in her official and individual capacities, | : | |
| ASSISTANT SUPERINTENDENT, KENNETH | : | |
| HENRICI, in his official and individual | : | |
| capacities, INTERIM MATHEMATICS | : | |
| DIRECTOR, RICARDO ROSA, in his official | : | |
| and individual capacities, GEAR UP | : | |
| DIRECTOR, LEROY DUPEE, in his official | : | |
| and individual capacities AND TEACHER, | : | |
| JORGE PEZO, in his official and individual | : | |
| capacities, | : | |
| | : | |
| Defendants. | : | JUNE 2, 2003 |

**DEFENDANTS BRIDGEPORT BOARD OF EDUCATION'S, SONIA DIAZ
SALCEDO'S, KENNETH HENRICI'S, RICARDO ROSA'S AND JORGE PEZO'S,
FIRST SET OF INTERROGATORIES
AND FIRST REQUEST FOR PRODUCTION OF DOCUMENTS**

Defendants Bridgeport Board of Education, Sonia Diaz Salcedo, Kenneth Henrici,

Ricardo Rosa and Jorge Pezo, by and through undersigned counsel and pursuant to Rules 33 and

34 of the Federal Rules of Civil Procedure, et seq., hereby request that Plaintiff, Scarlett Pipkin,

answer the following interrogatories under oath within thirty (30) days of service and produce

legible copies of all requested documents in the Plaintiff's possession, custody, or control for

inspection and/or copying at the office of the undersigned counsel within thirty (30) days, or at such

other time and place as may be mutually agreed upon by counsel for the purposes of inspection and copying by Defendants.

## DEFINITIONS AND INSTRUCTIONS

A.    Sufficient blank space for inserting a typed response has been provided following each Interrogatory and Production Request. If the space provided should prove insufficient for your entire answer, please retype the Interrogatory or Production Request and provide the entire answer on a separate sheet of paper.

B.    With respect to each Interrogatory and Production Request, in addition to supplying the information requested by identifying the specific document referred to, please identify all documents which you consulted or to which you referred in preparation of your answer.

C.    In lieu of identifying any document in the manner hereinafter prescribed, you may attach the document and all non-identical copies thereof to your answers, and make them available for inspection and copying at the time and place to be agreed upon among counsel for the parties. If this procedure is followed, however, each Interrogatory and Production Request or portion thereof to which the document is intended to respond should be specified in the case of each such document.

D.    Unless otherwise indicated, each Interrogatory and Production Request is not restricted to a particular time period. If the answer to any Interrogatory or Production Request is different for different time periods, please so indicate and answer separately for each such time period.

E.    If any document identified in an answer to an Interrogatory or Production Request was in your possession or subject to your custody or control, but is no longer, or it was known by you to exist, but is no longer in existence, please state what disposition was made of it and its present location, if known.

F.    For the purpose of these Interrogatories, the following definitions shall apply:

1.    "Plaintiff" means Scarlett Pipkin and all persons acting or purporting to act on her behalf whether collectively or individually.

2.    "Defendants" means Bridgeport Board of Education, Sonia Diaz Salcedo, Kenneth Henrici, Ricardo Rosa and/or Jorge Pezo, unless an individual defendant is specifically identified.

2

3.  The terms "documents," "record" and the like mean any kind of written, printed, typed, recorded or graphic material however produced or reproduced of any kind or description, including originals, all copies, and all drafts. These terms include, by way of illustration, but are not limited to, the following items, whether printed, recorded, stored or reproduced by any electronic or mechanical process, or written or produced by hand: agreements, communications, state and federal governmental hearings and reports, correspondence, telegrams, studies, notices, reports, memoranda, summaries or records of telephone conversations, summaries or records of personal conversations or interviews, diaries, graphs, reports, notebooks, charts, plans, drawings, sketches, maps, books, pamphlets, newspaper and periodical articles and clippings, accounting records, invoices, canceled checks, receipts, forms, minutes, computer printouts, microfilm, microfiche, tape recordings, summaries of records or meetings or conferences, summaries or reports of consultants, photographs, motion picture films, brochures, advertisements, circulars, press releases, drafts, letters, any marginal comments appearing in any document and  other pertinent information stored in any information storage or retrieval system, whether mechanical, magnetic, electronic, or otherwise, and all other writings.

4.  "Identify," when used with respect to a document, means:

    a.  To specify the nature of the document (e.g., letter, memorandum, etc.);

    b.  to state the date appearing on the document or, if no date appears, the date on which the document was prepared;

    c.  to state the date on which the document was transmitted to each recipient;

    d.  to state the number of pages of the document;

    e.  to give a brief description of the contents of a document;

    f.  to identify each person who wrote, signed, dictated, submitted, reviewed, approved, or otherwise participated in the preparation of the document;

    g.  to identify each person who received the document or was an addressee thereof and each person who received a copy of a document;

    h.  if the document now exists, to give its location and to identify each person who has custody of it;

    i.  if the document does not now exist to state the disposition that was made of it including the date, time, place and method of such disposition, and to identify the person who disposed of it;

3

j.    to identify separately each attachment to the document in the manner provided in this instruction.

5.    "Identify," when used with respect to a person, means to state the person's name, home and business address and home and business telephone numbers.

6.    The singular shall include the plural and the plural shall include the singular.

7.    A masculine, feminine or neuter pronoun shall not exclude the others.

## INTERROGATORIES

1.    State the nature and amount of each element of damage Plaintiff seeks in this action, and for each element, describe the method of calculation.

<u>ANSWER</u>:

2.    Identify each person whom Plaintiff expects to call as an expert witness at trial and, for each, state:

a.    the subject matter to which this expert is expected to testify;

<u>ANSWER</u>:

4

b.     the substance of the facts and opinions to which the expert is expected to  testify; and

ANSWER:

c.     a summary of the grounds of each opinion of this expert.

ANSWER:

3.     Identify all reports, diagrams, models and other tangible or documentary evidence to be used or relied upon at trial by any person identified in response to Interrogatory No. 2.

ANSWER:

4.     Describe all efforts at finding after-school and/or Summer employment that Plaintiff has made since May 2001 including dates; name and address of each prospective employer; title, nature, compensation and benefits of prospective job(s); name and position of each person encountered at each contacted prospective employer; course and result of each application

5

process undertaken including dates and any offers extended; reasons for failure to contact any identified prospective employer; and reasons for accepting or failing to accept any job offer.

ANSWER:

5.     List the amounts and dates of any compensation or benefits received by Plaintiff in connection with an after-school and/or Summer position since May 2001 including but not limited to, income from self-employment or any entrepreneurial activity, investments, public assistance, unemployment and social security.

ANSWER:

6.     Explain in detail how the alleged "involuntary transfer" described in Paragraph No. 23 of Count One of the Corrected Amended Complaint was a demotion, including the specific adverse impact suffered by Plaintiff in connection with the transfer.

ANSWER:

7.      Describe in detail, each act by Defendants, which constituted a violation of Plaintiff's

Fourteenth Amendment rights, as alleged in Paragraph No. 26 of Count One of the Corrected

Amended Complaint, including dates; name(s) of the actor(s); the due process and/or liberty

interest involved; and the nature of the act.

ANSWER:

8.      Describe in detail, each act by Defendants, which constituted a violation of Plaintiff's

rights afforded by 42 U.S.C. §§ 1981 and 1983, as alleged in Paragraph No. 26 of Count One of

the Corrected Amended Complaint, including dates; name(s) of the actor(s); race and color of the

actor(s); names of any witnesses; and the nature of the act.

ANSWER:

9.      Describe in detail, each act of "discriminatory and harassive conduct" by Defendants, as

alleged in Paragraph No. 21 of Count Four the Corrected Amended Complaint, including dates;

name(s) of the actor(s); race and color of the actor(s); names of any witnesses; and the nature of

the act of discrimination and/or harassive conduct.

ANSWER:

10.    Describe in detail, each act by Defendants, which amounted to "a discriminatory employment practice being perpetrated against the plaintiff which constituted a hostile work environment as well as disparate treatment," as alleged in Paragraph No. 22 of Count Four of the Corrected Amended Complaint, including dates; name(s) of the actor(s); race and color of the actor(s); names of any witnesses; and the nature of the act.

ANSWER:

11.    Describe in detail, each act by Defendants, which constituted a violation of the Age Discrimination in Employment Act, including dates; name(s) of the actor(s); age of each actor; names of any witnesses; and the nature of the act.

ANSWER:

12.    Has Plaintiff received treatment for the emotional distress alleged in the Corrected Amended Complaint?  If so, identify each and every institution or provider from whom the

8

Plaintiff has received such treatment, including dates and the nature of health care service provided.

ANSWER:

13.    Has Plaintiff sought or received treatment or counseling related to her mental or emotional state at any time prior to May 2001?  If so, identify each and every institution or provider from whom the Plaintiff has received such treatment, including dates and the nature of health care service provided.

ANSWER:

14.    Describe in detail, each act by Defendants, which constituted intentional infliction of emotional distress, as alleged in Count Two of the Corrected Amended Complaint, including dates; name(s) of the actor(s); names of any witnesses; and the nature of the act.

ANSWER:

15.    Describe in detail, each act by Defendants, which constituted negligent infliction of emotional distress, as alleged in Count Three of the Corrected Amended Complaint, including dates; name(s) of the actor(s); names of any witnesses; and the nature of the act.

ANSWER:

16.    Identify each and every civil action, criminal proceeding, or administrative proceeding, including grievances pursuant to the collective bargaining agreement between the Bridgeport Board of Education and the Bridgeport Education Association, that Plaintiff has been a party to, and for each such action or proceeding, state:

        a.    the nature of the action or proceeding;

ANSWER:

        b.    whether Plaintiff was a plaintiff, complainant, grievant, defendant or respondent in the action or proceeding;

ANSWER:

c.    the court, agency or other forum, in which the action or proceeding was pending;

ANSWER:

d.    the case or docket, or other identifying number, assigned to the action or proceeding; and

ANSWER:

e.    the current status, or final disposition, of the action or proceeding.

ANSWER:

17.    Describe the substance of any communication Plaintiff has had with any current or former employees of, as well as current or former elected officials or representatives of, the Bridgeport Board of Education, regarding the instant lawsuit or the alleged factual basis of the

11

instant lawsuit, including the type of communication, substance and date of each communication and the name of the individual with whom Plaintiff had such communication.

ANSWER:

## REQUEST FOR PRODUCTION OF DOCUMENTS

1.    All documents identified or used to formulate any response to any of the foregoing Interrogatories indicating which interrogatory each such documents was identified in or used to formulate a response to.

2.    All documents concerning, relating or referring to Plaintiff's employment with Defendant, Bridgeport Board of Education.

3.    All documents concerning, relating or referring to any contact between Plaintiff and any current or former employees of, as well as current or former elected officials or representatives of, the Bridgeport Board of Education, including but not limited to diaries, notes or logs of conversations and letters regarding the instant lawsuit or the alleged factual basis for the instant lawsuit.

4.     All documents concerning, relating or referring to any of Plaintiff's claims for damages as set forth in response to Interrogatory No. 1.

5.     All documents concerning, relating or referring to Plaintiff's efforts to secure after–school and/or Summer employment since May 2001 including, but not limited to, logs and/or notes of personal contacts and/or telephone conversations, cover letters, resumes and any other correspondence to or from prospective employers.

6.     All documents concerning, relating or referring to any after-school and/or Summer employment that Plaintiff sought or has had since May 2001.

7.     All documents concerning, relating or referring to monies received or earned by Plaintiff through after-school and/or Summer employment since May 2001 including, but not limited to, account ledgers, sales orders, profit and loss statements, W-2 forms, 1099s, and Plaintiff's income tax returns for the years 2001 through trial.

8.     All correspondence by or to any state or federal government agency with regard to Plaintiff's allegations contained in the Corrected Amended Complaint.

9.     All documents including, but not limited to, reports, bills, orders, notes and test results, confirming, relating or referring to any treatment or counseling identified in response to

13

Interrogatory Nos. 12 and 13.  Please have Plaintiff execute one authorization for release of medical information, attached hereto, for each provider identified in response to Interrogatory Nos. 12 and 13.

10.    All other documents Plaintiff believes serve to prove, or further the proof of, any elements of her claims.

Done at Bridgeport, Connecticut this 2nd day of June, 2003.

Lisa M. Grasso
Durant, Nichols, Houston, Hodgson &
 Cortese-Costa, PC
1057 Broad Street
Bridgeport, CT  06604
203-366-3438
Federal Bar No. ct03768
ATTORNEYS FOR DEFENDANTS,
BRIDGEPORT BOARD OF EDUCATION,
SONIA DIAZ SALCEDO, KENNETH HENRICI,
RICARDO ROSA & JORGE PEZO

14

## **CERTIFICATION**

I hereby certify that a copy of the foregoing was caused to be served this 2nd day of June, 2003, via U. S. Mail, Certified Mail, Return Receipt Requested, to the following counsel and <u>pro se</u> parties of record:

W. Martyn Philpot, Jr., Esq.
Law Office of W. Martyn Philpot, Jr., LLC
409 Orange Street
New Haven, CT  06511

Lisa M. Grasso

P:\lit\CTC\091200\377\00033503.DOC

15

# EXHIBIT B

# UNITED STATES DISTRICT COURT
## DISTRICT OF CONNECTICUT

**************************************

SCARLETT PIPKIN                *
              *Plaintiff,*        *
                               * CIVIL NO.  3:03CV0019 (JBA)
VS.                            *
                            *
BRIDGEPORT BOARD OF EDUCATION, *
ET AL                          *
            *Defendants.*     * JULY 2, 2003

**************************************

## NOTICE OF
## PLAINTIFF'S OBJECTIONS TO DEFENDANT'S
## INTERROGATORIES AND REQUESTS FOR PRODUCTION

The plaintiff, Scarlett Pipkin, hereby gives notice of her Objections to Interrogatory

Nos. 1, 2, 3, 16, and 17  as well as Objections to Request for Production Nos. 1, 2, 3, 4,

6, 8 and 10.

                                PLAINTIFF, SCARLETT PIPKIN


                   BY: _____
                        Law Office of
                        W. Martyn Philpot, Jr., L.L.C.
                        409 Orange Street
                        New Haven, CT  06511-6406
                        Tel. No. (203) 624-4666
                        Federal No. ct05747
                        Her Attorneys

2

## **CERTIFICATION**

*THIS IS TO CERTIFY* that a copy of the foregoing was mailed, postage prepaid, to: Lisa Grasso-Egan, Pamela J. Coyne, Durant, Nichols, Houston, Hodgson, Cortese-Costa, 1057 Broad Street, Bridgeport, CT 06604-4219.

W. Martyn Philpot, Jr.

## UNITED STATES DISTRICT COURT
## DISTRICT OF CONNECTICUT

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

| | |
|---|---|
| SCARLETT PIPKIN | * |
| *Plaintiff,* | * |
| | * CIVIL NO. 3:03CV0019 (JBA) |
| VS. | * |
| | * |
| BRIDGEPORT BOARD OF EDUCATION, | * |
| ET AL | * |
| *Defendants.* | * JULY 2, 2003 |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

## INTERROGATORIES

1.    State the nature and amount of each element of damage Plaintiff seeks in this action, and for each element, describe the method of calculation.

**OBJECTION**:        This interrogatory is objected to on the grounds that it is premature.

This information will be provided in the context of a damage analysis

which will be produced in accordance with the scheduling order

argued to by the parties and approved by the court.


2.    Identify each person whom Plaintiff expects to call as an expert witness at trial and for each, state:

    a.    the subject matter to which this expert is expected to testify;

    b.    the substance of the facts and opinions to which the expert is expected to testify; and

    c.    a summary of the grounds of each opinion of this expert.

**OBJECTION**:        This interrogatory is objected to on the grounds that it prematurely

seeks information which will be provided in accordance with the

scheduling order agreed to by the parties and approved by the court.

3.      Identify all reports, diagrams, models and other tangible or documentary evidence to be used or relied upon at trial by any person identified in response to Interrogatory No. 2.

**OBJECTION:**              This interrogatory is objected to on the grounds that it prematurely

seeks information which will be provided in accordance with the

parties' submission of a Joint Trial Memorandum.

4.      Describe all efforts at finding after-school and/or Summer employment that Plaintiff has made since May 2001 including dates; name and address of each prospective employer; title, nature, compensation and benefits of prospective job(s); name and position of each person encountered at each contacted prospective employer; course and result of each application process undertaken including dates and any offers extended; reasons for failure to contact any identified prospective employer; and reasons for accepting or failing to accept any job offer.

**ANSWER**:

5.      List the amounts and dates of any compensation or benefits received by Plaintiff in connection with an after-school and/or Summer position since May 2001 including but not limited to, income from self-employment or any entrepreneurial activity, investments, public assistance, unemployment and social security.

**ANSWER**:

2

6.      Explain in detail how the alleged "involuntary transfer" described in Paragraph No. 23 of Count One of the Corrected Amended Complaint was a demotion, including the specific adverse impact suffered by Plaintiff in connection with the transfer.

**ANSWER**:


7.      Describe in detail, each act by Defendants, which constituted a violation of Plaintiff's Fourteenth Amendment rights, as alleged in paragraph No. 26 of Count One of the Corrected Amended Complaint, including dates; name(s) of the actor(s); race and color of the actor(s); names of any witnesses; and the nature of the act.

**ANSWER**:


8.      Describe in detail, each act by the Defendants, which constituted a violation of Plaintiff's rights afforded by 42 U.S.C Sections 1981 and 1983, as alleged in paragraph No. 26 of Count One of the Corrected Amended Complaint, including dates; name(s) of the actor(s); race and color of the actor(s); names of any witnesses; and the nature of the act.

**ANSWER**:


9.      Describe in detail, each act of "discriminatory and harassive conduct" by Defendants, as alleged in Paragraph No. 21 of Count Four of the Corrected Amended Complaint, including dates; name(s) of the actor(s); race and color of the actor(s); names of any witnesses; and the nature of the act of discrimination and/or harassive conduct.

3

**ANSWER**:


10.     Describe in detail, each act by Defendants, which amounted to "a discriminatory employment practice being perpetrated against the plaintiff which constituted a hostile work environment as well as disparate treatment," as alleged in paragraph No. 22 of Count Fo9ur of the Corrected Amended Complaint, including dates; name(s) of the actor(s); age of each actor; names of any witnesses; and the nature of the act.

**ANSWER**:


11.     Describe in detail, each act by Defendants, which constituted a violation of the Age Discrimination in Employment Act, including dates; name(s) of the actor(s); age of each actor; names of witnesses; and the nature of the act.

**ANSWER**:


12.     Has Plaintiff received treatment for the emotional distress alleged in the Corrected Amended Complaint?  If so, identify each and every institution or provider from whom the Plaintiff has received such treatment, including dates and the nature of health care service provided.

**ANSWER**:

4

13.    Has Plaintiff sought or received treatment or counseling related to her mental or emotional state at any time prior to May 2001? If so, identify each and every institution or provider from whom the Plaintiff has received such treatment, including dates and the nature of health care service provided.

**ANSWER**:

14.    Describe in detail, each act by Defendants, which constituted intentional infliction of emotional distress, as alleged in Count Two of the Corrected Amended Complaint, including dates; name(s) of the actor(s); names of any witnesses; and the nature of the act.

**ANSWER**:

15.    Describe in detail, each act by Defendants, which constituted negligent infliction of emotional distress, as alleged in Count Three of the Corrected Amended Complaint, including dates; name(s) of the actor(s); names of any witnesses; and the nature of the act.

**ANSWER**:

16.    Identify each and every civil action, criminal proceeding, or administrative proceeding, including grievances pursuant to the collective bargaining agreement between the Bridgeport Board of Education and the Bridgeport Education Association, that the Plaintiff has been a

5

party to, and for each such action or proceeding, state:

    a.    the nature of the action or proceeding;

    b.    whether Plaintiff was a plaintiff, complainant, grievant, defendant or respondent in the action or proceeding;

    c.    the court, agency or other forum, in which the action or proceeding was pending;

    d.    the case or docket, or other identifying number, assigned to the action or proceeding; and

    e.    the current status, or final disposition, of the action or proceeding.

**OBJECTION:**    This interrogatory is objected to as it is not reasonably limited in time.

17.    Describe the substance of any communication Plaintiff has had with any current or former employees of, as well as current or former elected officials or representatives of, the Bridgeport Board of Education, regarding the instant lawsuit or the alleged factual basis for the instant lawsuit, including the type of communication, substance and date of each communication and the name of the individual with whom Plaintiff had such communication.

**OBJECTION:**    This interrogatory is objected to as it overly broad, unduly vague and not reasonably tailored to lead to the discovery of admissible evidence at trial.

6

## **REQUEST FOR PRODUCTION OF DOCUMENTS**

1.      All documents identified or used to formulate any response to any of the foregoing Interrogatories indicating which interrogatory each such document was identified in or used to formulate a response.

**OBJECTION:**         This request is unduly burdensome, overly broad and premature in that

all relevant documents will be produced in accordance with the parties'

joint trial memorandum submission.


2.      All documents concerning, relating or referring to Plaintiff's employment with Defendant, Bridgeport Board of Education.

**OBJECTION**:         The defendant can provide this information with far greater facility

than the plaintiff.  Moreover, this request seeks documentation which

may not necessarily be relevant to the subject matter of this lawsuit

and therefore it is unduly vague and not reasonably tailored to lead to

the discovery of admissible evidence at trial.


3.      All documents concerning, relating or referring to any contact between Plaintiff and any current or former employees of, as well as current or former elected officials or representatives of, the Bridgeport Board of Education, including but not limited to diaries, notes or logs of conversations and letters regarding the instant lawsuit or the alleged factual

7

basis for the instant.

**OBJECTION**:      This request is objected to as it is overly broad and not reasonably

crafted to lead to the discovery of admissible evidence.

4.     All documents concerning, relating or referring to any of Plaintiff's claims for

damages as set forth in response to Interrogatory No. 1.

**OBJECTION**:      Objection pending.

5.     All documents concerning, relating or referring to Plaintiff's efforts to secure after-

school and/or Summer employment since May 2001 including, but not limited to, logs and/or

notes of personal contacts and/or telephone conversations, cover letters, resumes and any

other correspondence to or from prospective employers.

**RESPONSE**:

6.     All documents concerning, relating or referring to any after-school and/or Summer

employment that Plaintiff sought or has had since May 2001.

**OBJECTION**:      This request seeks documentation which may or may not be relevant

and therefore is not reasonably crafted to lead to the discovery of

admissible evidence at trial.

7.     All documents concerning, relating or referring to monies received or earned by

8

Plaintiff through after-school and/or Summer employment since May 2001 including, but not limited to, account ledgers, sales orders, profit and loss statements, W-2 forms, 1099s, and Plaintiff's income tax returns for the years 2001 through trial.

**RESPONSE**:

8.     All correspondence by or to any state or federal government agency with regard to Plaintiff's allegations contained int the Corrected Amended Complaint.

**OBJECTION**:        This request is not limited in time and is unduly vague and overly burdensome.

9.     All documents including, but not limited to, reports, bills, orders, notes and test results, confirming, relating or referring to any treatment or counseling identified in response to Interrogatory Nos. 12 and 13.  Please have Plaintiff execute one authorization for release of medical information, attached hereto, for each provider identified in response to Interrogatory Nos. 12 and 13.

**RESPONSE**:

10.     All other documents Plaintiff believes serve to prove, or further the proof of, any elements of her claims.

**OBJECTION**:        The request is overly broad, vague, unduly burdensome, and premature as all documents plaintiff intends to produce at trial will be disclosed pursuant to the parties' Joint Trial Memorandum

9

PLAINTIFF, SCARLETT PIPKIN

BY: _____
Law Office of
W. Martyn Philpot, Jr., LLC
409 Orange Street
New Haven, CT  06511-6406
Tel. No. (203) 624-4666
Federal Bar No. ct05747
Her Attorneys

## **CERTIFICATION**

*THIS IS TO CERTIFY* that a copy of the foregoing was mailed, postage prepaid, to: Lisa Grasso-Egan, Pamela J. Coyne, Durant, Nichols, Houston, Hodgson, Cortese-Costa,1057 Broad Street, Bridgeport, CT 06604-4219.

_____
W. Martyn Philpot, Jr.

EMPLOY\Pipkin.objint.wpd

10

# EXHIBIT C

# DURANT, NICHOLS, HOUSTON, HODGSON & CORTESE-COSTA, P.C.

Loraine M. Cortese-Costa**
Natale V. Di Natale**
E. Terry Durant*
Lisa Grasso Egan
Christopher M. Hodgson
Donald F. Houston
David J. Kelly**
Pamela J. Coyne

Also admitted in Virginia*
Also admitted in New York**

ATTORNEYS AT LAW

1057 Broad Street
Bridgeport, Connecticut 06604-4219
Tel. (203) 366-3438      Fax (203) 384-0317
www.durantnic.com

Of Counsel
George N. Nichols

Paralegals
Clara Cuneo Koczi
Megan L. Krom

September 16, 2003

W. Martyn Philpot, Jr.
Law Office of W. Martyn Philpot, Jr., LLC
409 Orange Street
New Haven, CT  06511

      Re:    Pipkin v. Bridgeport Board of Education, et al.
           No. 3:03CV0019 (JBA)

Dear Attorney Philpot:

    This letter is in follow-up to my telephone conversation with Marc Glenn from your office on August 21, 2003. During that conversation, Mr. Glenn assured me that you would provide Initial Disclosures and discovery responses, including responses to several interrogatories and requests for production to which Ms. Pipkin had previously objected, by August 29, 2003. As you know, Ms. Pipkin's Initial Disclosures were due on April 21, 2003, and her discovery responses were due on July 2, 2003. As of today, we have not received either.

    Please be advised that if we do not receive Ms. Pipkin's Initial Disclosures and discovery responses by September 23, 2003, we will be forced to file a Motion to Compel.

    Thank you for your anticipated cooperation.

        Sincerely,

        Pamela J. Coyne

cc:    Loraine M. Cortese-Costa
       Lisa Grasso Egan

P:\general\pjc\091200\377\00035838.DOC