FILED

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| SCARLETT PIPKIN, | : |
| | : CIVIL ACTION NO. |
| Plaintiff, | : 3:03CV0019 (MRK) |
| | : |
| v. | : |
| | : |
| BRIDGEPORT BOARD OF EDUCATION, | : |
| SUPERINTENDENT SONIA DIAZ SALCEDO, | : |
| in her official and individual capacities, | : |
| ASSISTANT SUPERINTENDENT, KENNETH | : |
| HENRICI, in his official and individual | : |
| capacities, INTERIM MATHEMATICS | : |
| DIRECTOR, RICARDO ROSA, in his official | : |
| and individual capacities, GEAR UP | : |
| DIRECTOR, LEROY DUPEE, in his official | : |
| and individual capacities AND TEACHER, | : |
| JORGE PEZO, in his official and individual | : |
| capacities, | : |
| | : |
| Defendants. | : DECEMBER 31, 2003 |

## STATUS REPORT

Defendants Bridgeport Board of Education, Sonia Diaz Salcedo, Kenneth Henrici, Ricardo Rosa and Jorge Pezo, hereby submit this Status Report:

**A.    STATUS OF THE CASE (PENDING MOTIONS AND/OR CIRCUMSTANCES POTENTIALLY INTERFERING WITH THE PARTIES' COMPLIANCE WITH THE SCHEDULING ORDER)**

Defendants, Bridgeport Board of Education (the "Board"), Sonia Diaz Salcedo, Kenneth Henrici, Ricardo Rosa and Jorge Pezo (collectively the "Defendants") timely filed their Initial Disclosures and all responses to Plaintiff's discovery requests. Plaintiff on the other hand has so delayed the discovery process that Defendants were forced to file a Motion to Compel in order to

obtain Plaintiff's Initial Disclosures and any discovery responses to their requests, which were served on June 2, 2003.

Plaintiff has not noticed any depositions. Upon receipt of Plaintiff's responses, Defendants noticed the depositions of Leroy Dupee and Plaintiff for January 13 and 14, 2004, respectively.

Contrary to Plaintiff's representations that counsel have agreed "upon procurement of the plaintiff's employment records the Motion to Compel will be rendered moot," and that "counsel agreed to submit a Motion For Extension of Time to complete discovery," no such agreements have been reached, and Defendants' Motion to Compel has not been rendered moot, as follows:

(1)     Plaintiff has not fully complied with Defendants' discovery requests, and specifically has failed to reply to Request for Production Nos. 2 and 3;

(2)     Defendants never agreed that production of Plaintiff's personnel file would render their motion moot. To the contrary, Defendants' counsel specifically advised Plaintiff's counsel during a telephone conversation on August 21, 2003 that Defendants do not expect Plaintiff to provide her personnel file, but are seeking other documents relevant to Plaintiff's employment history and her instant claims;

(3)     Defendants' counsel did respond to Plaintiff's counsel's requests to withdraw the Motion to Compel by letter dated November 18, 2003 and, in that letter, requested full compliance with Defendants' discovery requests and agreement to an extension for Defendants to

complete their discovery. Defendants' counsel attached a draft motion for Plaintiff's counsel's review.[1] Plaintiff's counsel never responded. No agreement was ever reached; and

(4) Plaintiff's objection to Defendants' Motion to Compel was due (with an extension of time granted by the Court) on November 24, 2003, but was never filed or served.

Accordingly, Defendants' Motion to Compel is still pending, and is unopposed. Defendants are seeking a decision on that motion, and specifically an order (a) compelling Plaintiff to fully comply with all discovery requests, (b) allowing Defendants additional time after Plaintiff's full compliance in which to obtain an expert if warranted and complete their discovery, and (c) requiring Plaintiff to pay all costs and fees associated with that motion.

**B.   INTEREST IN REFERRAL FOR SETTLEMENT PURPOSES FO A UNITED STATES MAGRISTRATE JUDGE OR TO THE DISTRICT'S SPECIAL MASTERS PROGRAM**

Defendants do not object to this Court's referral to a Magistrate Judge or to the District's Special Masters Program for settlement purposes.

**C.   WHETHER THE PARTIES WILL CONSENT TO A TRIAL BEFORE A MAGISTRATE JUDGE**

Defendants do not consent to a trial before a Magistrate Judge.

**D.   ESTIMATED LENGTH OF TRIAL**

Defendant anticipates a trial of between three (3) and five (5) days.

---

[1] A copy of that letter, with the draft motion attached, is included herewith as Exhibit A.

Done at Bridgeport, Connecticut this 31st day of December, 2003.

                                                                                      _/s/ Pamela J. Coyne_
                                                                                      Pamela J. Coyne
                                                                                      Durant, Nichols, Houston, Hodgson &
                                                                                        Cortese-Costa, PC
                                                                                      1057 Broad Street
                                                                                      Bridgeport, CT  06604
                                                                                      203-366-3438
                                                                                      Federal Bar No. ct22941
                                                                                      ATTORNEYS FOR DEFENDANTS,
                                                                                      BRIDGEPORT BOARD OF EDUCATION,
                                                                                      SONIA DIAZ SALCEDO, KENNETH HENRICI,
                                                                                      RICARDO ROSA & JORGE PEZO

# EXHIBIT A

## DURANT, NICHOLS, HOUSTON, HODGSON & CORTESE-COSTA, P.C.

Loraine M. Cortese-Costa**
Natale V. Di Natale**
E. Terry Durant*
Lisa Grasso Egan
Christopher M. Hodgson
Donald F. Houston
David J. Kelly**
Pamela J. Coyne
Peter Dagostine

Also admitted in Virginia*
Also admitted in New York**

ATTORNEYS AT LAW

1057 Broad Street
Bridgeport, Connecticut 06604-4219
Tel. (203) 366-3438    Fax (203) 384-0317
www.durantnic.com

Of Counsel
George N. Nichols

Paralegals
Clara Cuneo Koczi
Megan L. Krom

November 18, 2003

VIA FACSIMILE (203) 624-5050 & U.S. MAIL

Marc L. Glenn, Esq.
Law Office of W. Martyn Philpot, Jr., LLC
409 Orange Street
New Haven, CT 06511

    Re:    Pipkin v. Bridgeport Board of Education, et al.
            No. 3:03CV0019 (JBA)

Dear Attorney Glenn:

       This letter is in follow-up to our telephone conversations regarding the Plaintiff's Initial Disclosures and discovery responses and your request to withdraw the Defendants' Motion to Compel. As we already discussed, Plaintiff has not responded to Request for Production Nos. 2 and 3, despite the fact that you agreed to provide responses to those requests during our conversation on August 21, 2003. Plaintiff's recent response merely notes "Objection," without articulating an objection or otherwise responding. I do note that you advised me during our conversation on November 12, that there are no responsive documents to Request for Production No. 3, but pursuant to the rules, Defendants will require a written response to that effect. Please advise whether Plaintiff intends to respond to those requests.

       In addition Defendants requested an extension of discovery deadlines in their Motion to Compel, which extension they need to fully develop their defense, assess their damages and determine whether counterclaims are warranted. Please advise whether Plaintiff will agree or object to Defendants' intended motion for extension of time, through February 28, 2004, in which to conclude their discovery, including discovery of Plaintiff's doctors.

       If Plaintiff responds to Request for Production Nos. 2 and 3 and agrees to Defendant's intended motion for extension, Defendants will agree to a withdrawal. I have attached a draft

Marc L. Glenn, Esq.                             -2-                              November 18, 2003

Motion for Extension for your review. Please advise whether you agree to the caption, indicating that the motion is "on consent," and the statement on page 3 that "Plaintiff's counsel consents to this motion."

                                       Sincerely,

                                       Pamela J. Coyne

cc: Lisa Grasso Egan

P:\general\pjc\091200\377\00036831.DOC

**DRAFT**

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| SCARLETT PIPKIN, | : | |
| | : | CIVIL ACTION NO. |
| Plaintiff, | : | 3:03CV0019 (MRK) |
| | : | |
| v. | : | |
| | : | |
| BRIDGEPORT BOARD OF EDUCATION, | : | |
| SUPERINTENDENT SONIA DIAZ SALCEDO, | : | |
| in her official and individual capacities, | : | |
| ASSISTANT SUPERINTENDENT, KENNETH | : | |
| HENRICI, in his official and individual | : | |
| capacities, INTERIM MATHEMATICS | : | |
| DIRECTOR, RICARDO ROSA, in his official | : | |
| and individual capacities, GEAR UP | : | |
| DIRECTOR, LEROY DUPEE, in his official | : | |
| and individual capacities AND TEACHER, | : | |
| JORGE PEZO, in his official and individual | : | |
| capacities, | : | |
| | : | |
| Defendants. | : | NOVEMBER ___, 2003 |

## MOTION ON CONSENT FOR EXTENSION OF TIME

Pursuant to Local Rule 7(b) of the Federal Rules of Civil Procedure, Defendants hereby request an enlargement of time up to and including February 28, 2004 to conclude their discovery, including any discovery deemed necessary with respect to Plaintiff's experts. This extension is necessary because of Plaintiff's undue delay in filing her Initial Disclosures and responding to Defendants' discovery requests.

**ORAL ARGUMENT NOT REQUESTED**

Defendants have diligently complied with all timelines and served their discovery requests on June 2, 2003. On July 2, 2003, Plaintiff served objections to several interrogatories and production requests, but she did not respond to those interrogatories or production requests to which she did not object. On August 21, 2003, Plaintiff's counsel and Defendants' counsel resolved most of Plaintiff's objections.

Subsequently, on November 7, 2003, Plaintiff hand delivered her Initial Disclosures and discovery responses, and on November 11, 2003, supplemented by hand delivering the verification page and medical authorizations. Defendants noted that Plaintiff did not respond to Request for Production Nos. 2 and 3. Following hand delivery, Plaintiff's counsel requested Defendant's counsel to withdraw their outstanding Motion to Compel.

Defendants have received responses to most of their discovery requests and are working with Plaintiff's counsel on the outstanding requests, however, Defendants require this requested extension of time to avoid the severe prejudice that they would otherwise suffer because of Plaintiff's delay. Accordingly, Defendants request that their discovery deadline be extended from January 16, 2004 to February 28, 2004.

This is the first extension of time requested in regard to this deadline. Plaintiff's counsel consents to this motion. The case is not assigned for trial.

Done at Bridgeport, Connecticut, this _____ day of November, 2003.

                              _____
                              Pamela J. Coyne
                              DURANT, NICHOLS, HOUSTON, HODGSON &
                                CORTESE-COSTA, P.C.
                              1057 Broad Street
                              Bridgeport, CT 06604
                              203-366-3438
                              203-384-0317 (Facsimile)
                              Pcoyne@durantnic.com
                              Federal Bar No. ct22941

                              ATTORNEYS FOR DEFENDANTS,
                              BRIDGEPORT BOARD OF EDUCATION,
                              SONIA DIAZ SALCEDO, KENNETH HENRICI,
                              RICARDO ROSA & JORGE PEZO

### **CERTIFICATION**

I hereby certify that a copy of the foregoing was caused to be served this _____ day of November, 2003 via U. S. Mail, Certified Mail, Return Receipt Requested, to the following counsel and pro se parties of record:

W. Martyn Philpot, Jr., Esq.
Law Office of W. Martyn Philpot, Jr., LLC
409 Orange Street
New Haven, CT  06511

                                                    _____
                                                    Pamela J. Coyne

P:\lit\pjc\091200\377\00036946.DOC

## CERTIFICATION

I hereby certify that a copy of the foregoing was caused to be served this 31st day of December, 2003, via U. S. Mail, Certified Mail, Return Receipt Requested, to the following counsel and pro se parties of record:

W. Martyn Philpot, Jr., Esq.
Law Office of W. Martyn Philpot, Jr., LLC
409 Orange Street
New Haven, CT 06511

                                                Pamela J. Coyne

P:\lit\pjc\091200\377\00037493.DOC