UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

```
*****************************************
SCARLETT PIPKIN                    *
                    Plaintiff      *
                                   *
VS.                                * CIVIL NO.3:03CV0019 (MRK)
                                   *
BRIDGEPORT BOARD OF                *
EDUCATION, ET AL.                  *
                                   *
                    Defendants     * AUGUST 20, 2004
*****************************************
```

**<u>AFFIDAVIT IN SUPPORT OF DEFAULT JUDGMENT</u>**

The undersigned counsel for the plaintiff, Scarlett M. Pipkin, submits the following affidavit of the amount due pursuant to Federal Rule of Civil Procedure 55 (b)(1).  Said default is sought as to the co-defendant Leroy Dupee for his failure to appear:

(1)    Marc L. Glenn, is eighteen (18) years of age and older and believes in the obligation of an oath.

(2)    I am an associate with the Law Office of W. Martyn Philpot, Jr., 409 Orange Street, New Haven, CT.  I am admitted to practice before the United States District Court, District of Connecticut, Bar No.: CT21369;

(3)    I represent the plaintiff in the above-captioned matter against, *inter alia,* the co-defendant, Leroy Dupee.

2

(4)     The above-captioned action entailed claims of employment

discrimination pursuant to Title VII (42 U.S.C § 2000e et seq) *and* the Age Discrimination

and Employment Act. (29 U.S.C. 621 et seq). The allegations concerning the co-defendant

Dupee pertain to a failure to hire the plaintiff for the Summer 2001 Gear Up Program as

sponsored by the State of Connecticut and implemented by the Bridgeport Board of

Education; Dupee supervised the program as Director of Mathematics with co-defendant

Bridgeport Board of Education For Summer 2000.  Dupee supervised the program as a

consultant for Summer 2001.

(5)     The 2001 Gear Up Program was a remedial and enhancement program

preparing junior high school students for Algebra on the secondary and post secondary

levels.   The instructors were provided a stipend of $3,360.00 for the Summer 2001

Program.

(6)     As a result of the alleged failure to hire for the 2001 program, the plaintiff

incurred compensatory damages in the amount of $3,360.00.

(7)     Additionally, the plaintiff incurred costs of litigation in the prosecution of

the above-captioned matter.  Said costs are detailed in the attached Verified Bill of Cost

submitted herewith and total $1, 940.69.  (Ex. B).

(8)     The plaintiff also incurred attorney's fees in the amount of $3,500.00.  (Ex.

B).

_____

Marc L. Glenn

3

STATE OF CONNECTICUT )
                                              ) ss : New Haven
COUNTY OF NEW HAVEN )

On the 20th day of August, 2004, before me, personally appeared Marc L. Glenn, who affirmed under oath the truth of the foregoing and also acknowledged his execution of the above document.

_____
Commissioner of Superior Court
Notary Public
My Commission Expires:

4