UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| SCARLETT PIPKIN, | : | |
|     Plaintiff | : | |
| | : | |
| v. | : | No. 3:03CV19 (MRK) |
| | : | |
| BRIDGEPORT BOARD OF | : | |
| EDUCATION, ET AL | : | |
|     Defendant | : | August 25, 2004 |

MEMORANDUM OF LAW IN SUPPORT OF
MOTION TO SET ASIDE DEFAULT AND
IN OPPOSITION TO PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT

A.   PRELIMINARY STATEMENT

Defendant Leroy Dupee was served with the Corrected Amended Complaint in this action on April 8, 2004.  Several months before in February of 2004 Mr. Dupree had been deposed in this case. When he received copies of the summons and Corrected Amended Complaint, Mr. Dupee telephoned the Court Clerk's Office and the plaintiff's attorney, but did not retain or seek the advice of an attorney, and due to his unfamiliarity with legal proceedings, he did not file an appearance or an answer to the Corrected Amended Complaint.

Unbeknownst to Mr. Dupee, all of the other defendants had filed a motion for summary judgment which was granted by this Court on June 21, 2004.

On July 3, 2004 the plaintiff filed a Motion for Entry of Default which was granted by the Court on July 21, 2004.  Because the defendant had not filed an appearance in this action, he did not receive a copy of that motion.

On Saturday, August 21, 2004, defendant Dupee was served with a copy of the plaintiff's motion for default judgment dated August 20, 2004.  He immediately took steps to locate an

attorney to advise and represent him. On Tuesday, August 24, 2004, Mr. Dupee filed a pro se appearance in this action and later than day retained the undersigned attorney to represent him.

The very next day, on Wednesday, August 25, 2004, defendant Dupee filed this motion to set aside the entry of default.

B.    STANDARD APPLICABLE TO SETTING ASIDE ENTRY OF DEFAULT

Under Federal Rules of Civil Procedure 55 (c) an entry of default may be set aside "for good cause shown." The decision whether to set aside a default is left to the sound discretion of the District Court "because it is in the best position to assess the individual circumstances of a given case and to evaluate the credibility and good faith of the parties." Action S.A. v. Marc Rich & Co., 951 F.2d 504, 507 (2d Cir. 1991), cert. denied 112 S.Ct. 1763 (1992). The factors considered in deciding whether "good cause" exists under Rule 55(c) to set aside a default are: (1) whether the default was willful; (2) whether setting aside the default would prejudice the adversary; and (3) whether a meritorious defense is presented. See, Enron Oil Corp. v. Dikuhara, 10 F.3d 90, 96 (2d Cir. 1993). Other relevant equitable factors may also be considered including whether the entry of default would bring about a harsh or unfair result. Id. citing Sony Corp. v. Elm State Elecs., Inc., 800 F.2d 317, 320 2d Cir. 1986). Although the same factors are considered in deciding whether to set aside an entry of default as a default judgment, a more lenient "good cause" standard applies to a motion to set aside an entry of default "because the concepts of finality and litigation repose are more deeply implicated" where a default judgment has been entered. Id.; Speaks v. Donato, 214 F.R.D. 69 (D.Conn. 2003).

Moreover, public policy strongly favors deciding cases on their merits. See, e.g., Gill v. Stolow, 240 F.2d 669, 670 (2d Cir. 1957) ("General principles cannot justify denying a parties'

fair day in court except upon a serious showing of willful default.")  Consequently, the criteria to set aside defaults, "should be construed generously" and "because defaults are generally disfavored and are reserved for rare occasions, when doubt exists as to whether a default should be granted or vacated, the doubt should be resolved in favor of the defaulting party."  Enron Oil Corp. v. Dikuhara, supra, at 96, citing Davis v. Muscler, 713 F.2d 913, 915 (2d Cir. 1983); Meehan v. Snow, 652 F.2d 274, 277 (2d Cir. 1981); and 6 James W. Moore, et al., Moore's Federal Practice ¶55.10[1] at 79 (2d Ed. 1993).

Furthermore, concerns regarding the protection of a litigant's rights are heightened when the party held in default appears pro se.  See, Enron Oil Corp. v. Dikuhara, supra, 10 F.3d at 96.

C.	ARGUMENT

In the instant case, all three principal factors as well as the interests of justice and equity and public policy strongly militate toward granting defendant Dupee relief from entry of default. He had never been a party to a lawsuit before this one, was unfamiliar with and did not understand his obligation to file an appearance on his behalf and to respond to the complaint that was served on him on April 8, 2004.  His failure to file an appearance or answer was due to his unfamiliarity with the law.  If Mr. Dupee had appreciated the ramifications of his failure to appear and file an answer, he most certainly would have done so.  At most, Mr. Dupee was negligent.  His default was not willful.

Turning to the second major factor, setting aside the default would not prejudice the Plaintiff in any way.  Less than four months have elapsed since defendant Dupee should have filed an answer to the Corrected Amended Complaint.  Moreover, Mr. Dupee was deposed in February, 2004, and discovery as to all other defendants has already been completed.  In light of

the motion for summary judgment filed by the other defendants and the ruling thereon, defendant Dupee will not have to conduct further discovery. The few months of delay in this defendant filing and serving an answer to the Corrected Amended Complaint will not cause any prejudice to the plaintiff. On the other hand, a default judgment would be highly prejudicial and severely draconian and unjust to defendant Dupee.

As shown by the affidavits, defendant Dupee has meritorious defenses to all of the claims alleged by the plaintiff in this action. Furthermore, defendant Dupee is similarly, if not identically, situated with defendant Jorge Pezo because both were members of the selection committee that evaluated the plaintiff and other applicants for instructor positions for the 2001 summer Gear Up program. Summary judgment has been granted in favor of all of the other defendants, including Mr. Pezo. If the Court does not set aside the default and a default judgment is entered, the result will be extremely unjust, unfair and harsh. The interests of justice and the strong public policy in favor of hearing cases on their merits cry out for Mr. Dupee to have his day in court. Until he retained an attorney on August 24, 2004, Mr. Dupee was acting pro se and his ignorance and unfamiliarity with the law should not cause him to suffer the disproportionately severe and unjust draconian penalty of a default judgment, especially because he did not do anything unlawful or wrong. Indeed, given the summary judgment in favor of all of the other defendants, permitting the default to stand and entering a default judgment against defendant Dupee would result in a travesty of justice.

In sum, all of the three primary factors and all of the secondary equitable factors strongly militate in favor of the Court exercising its sound discretion by granting Mr. Dupee relief from entry of default.

D.   CONCLUSION

Based on all of the foregoing, defendant Leroy Dupee respectfully requests this Court to set aside the entry of default and to allow him to file an answer and affirmative defenses to the Corrected Amended Complaint, and to deny the plaintiff's motion for default judgment.

        RESPECTFULLY SUBMITTED
        Defendant Leroy Dupee


        //s//_____
        Warren L. Holcomb, Esq.
        Berchem, Moses & Devlin, P.C.
        75 Broad Street
        Milford, CT  06460
        (203) 783-1200
        Fed. ID #13127
        e-mail wholcomb@bmdlaw.com