UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| SCARLETT PIPKIN, | : | |
|     Plaintiff | : | |
| | : | |
| v. | : | No. 3:03CV19 (MRK) |
| | : | |
| BRIDGEPORT BOARD OF | : | |
| EDUCATION, ET AL. | : | |
|     Defendant | : | September 14, 2004 |

### MOTION FOR SUMMARY JUDGMENT ON ALL CLAIMS AND MOTION TO DISMISS THE TITLE VII AND ADEA CLAIMS FOR LACK OF SUBJECT MATTER JURISDICTION

Pursuant to Rule 56 of the Federal Rules of Civil Procedure, defendant Leroy Dupee ("Dupee") moves for summary judgment as follows:

    1.    <u>Section 1983 and Section 1981 Substantive Due Process Claims</u>

There is no genuine issue of material fact as to whether defendant Dupee violated the plaintiff's Fourteenth Amendment right to substantive due process.

    2.    <u>Section 1983 and Section 1981 Procedural Due Process Claims</u>

There is no genuine issue of material fact as to whether defendant Dupee violated the plaintiff's Fourteenth Amendment right to procedural due process.

    3.    <u>Section 1983 and Section 1981 Equal Protection Claims</u>

There is no genuine issue of material fact as to whether defendant Dupee violated the plaintiff's Fourteenth Amendment right to equal protection.

    4.    <u>Intentional Infliction of Emotional Distress Claim</u>

There is no genuine issue of material fact as to whether defendant Dupee's conduct was sufficient to satisfy the "extreme and outrageous" element required to sustain a cause of

action for intentional infliction of emotional distress under Connecticut law.

    5.    <u>Negligent Infliction of Emotional Distress Claim</u>

There is no genuine issue of material fact as to the fact that defendant Dupee's conduct did not occur in the termination process as required to sustain a cause of action for negligent infliction of emotional distress under Connecticut law.

    6.    <u>Title VII Claim</u>

There is no genuine issue of material fact as to the fact that defendant Dupee is an individual, and as a matter of law, individuals cannot be held liable under Title VII.  In addition, based on the Court's prior grant of summary judgment in favor of the plaintiff's employer, defendant Bridgeport Board of Education, there is no triable issue of fact as to whether Dupee discriminated against the plaintiff because of her race or color, and defendant Dupee is thus also entitled to summary judgment.

    7.    <u>ADEA Claim</u>

There is no genuine issue as to the fact that defendant Dupee is an individual, and as a matter of law, individuals cannot be held liable under the ADEA.  In addition, based on the Court's prior grant of summary judgment in favor of the defendant Bridgeport Board of Education, there is no triable issue of fact as to whether Dupee discriminated against the plaintiff because of her age, and accordingly defendant Dupee is entitled to summary judgment.

Pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure, defendant Dupee further moves that the Title VII and ADEA claims in Counts Four and Five, respectively, be dismissed against him for lack of subject matter jurisdiction in that as a matter of law there is no individual liability under those statutes.

The above grounds for this motion for summary judgment and motion to dismiss are more fully explained in the memorandum of law and are supported by the Local Rule 56(a)(1) Statement and the affidavit of Leroy Dupee filed concurrently herewith, and by the deposition excerpts, affidavits and exhibits previously filed by the Bridgeport Board of Education and the other defendants in connection with their prior motion for summary judgment.

WHEREFORE, defendant Dupee respectfully requests this Court to grant this summary judgment and motion to dismiss, and to dismiss this action.

DEFENDANT LEROY DUPEE

//s//_____
Warren L. Holcomb, Esq.
Berchem, Moses & Devlin, P.C.
75 Broad Street
Milford, CT  06460
(203) 783-1200
Fed. Bar #Ct02478
wholcomb@bmdlaw.com
His Attorney