UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| SCARLETT PIPKIN, | : | |
|     Plaintiff | : | |
| | : | |
| v. | : | No. 3:03CV19 (MRK) |
| | : | |
| BRIDGEPORT BOARD OF | : | |
| EDUCATION, ET AL. | : | |
|     Defendant | : | September 13, 2004 |

ANSWER AND AFFIRMATIVE DEFENSES
OF DEFENDANT LEROY DUPEE
TO CORRECTED AMENDED COMPLAINT

COUNT ONE

    1.    Defendant Dupee denies the allegations of paragraph 1, except he admits that in this action the plaintiff seeks monetary damages to redress the alleged deprivation of rights secured by the Constitution and laws of the United States and the common law of the State of Connecticut. Defendant Dupee specifically denies that any alleged deprivation of any such rights occurred.

    2.    The jurisdiction of this Court is not contested.

    3.    Admitted.

    4.    Admitted.

    5.    Admitted.

    6.    Admitted.

    7.    Admitted.

8. Defendant Dupee denies the allegations of paragraph 8, except he admits that he was the Director of the Gear Up Program for the Board of Education of the City of Bridgeport during the summers of 2000 and 2001.

9. Admitted.

10. The allegations of the first sentence of paragraph 10 are admitted. Defendant Dupee lacks sufficient knowledge or information to respond to the allegations of the second sentence of paragraph 10 and therefore denies them and leaves the plaintiff to her proof.

11. The allegations of paragraph 11 are admitted except defendant Dupee does not have sufficient knowledge or information regarding the number of years that the plaintiff served as a teacher in the Bridgeport School System, the number of years she taught at Blackham School, or the number of years she served as a mathematics resource teacher, and therefore he denies those allegations and leaves the plaintiff to her proof.

12. Defendant Dupee lacks sufficient knowledge or information to respond to the allegations of paragraph 12 and therefore denies those allegations and leaves the plaintiff to her proof.

13. Defendant Dupee lacks sufficient knowledge or information to respond to the allegations of paragraph 13 and therefore denies those allegations and leaves the plaintiff to her proof.

14. Defendant Dupee lacks sufficient knowledge or information to respond to the allegations of paragraph 14 and therefore denies those allegations and leaves the plaintiff to her proof.

15. Defendant Dupee admits the allegations of paragraph 15 based on his interpretation of the words "endorsed by" as being synonymous with "signed by." The

defendant denies any inference or implication that the words "endorsed by" indicated that principal Edward Kovac was supporting her application.

16. Defendant Dupee lacks sufficient knowledge or information to respond to the allegations of paragraph 16 and therefore denies those allegations and leaves the plaintiff to her proof.

17. Defendant Dupee admits that the plaintiff received a letter of denial in or around June 2001. Defendant Dupee lacks sufficient knowledge or information to respond to the remaining allegations of paragraph 17 and therefore denies them and leaves the plaintiff to her proof.

18. Denied.

19. Defendant Dupee lacks sufficient knowledge or information to respond to the allegations of paragraph 19 and therefore denies those allegations and leaves the plaintiff to her proof.

20. Admitted.

21. Defendant Dupee lacks sufficient knowledge or information to respond to the allegations of paragraph 21 and therefore denies those allegations and leaves the plaintiff to her proof.

22. Defendant Dupee lacks sufficient knowledge or information to respond to the allegations of paragraph 22 and therefore denies those allegations and leaves the plaintiff to her proof.

23. Defendant Dupee lacks sufficient knowledge or information to respond to the allegations of paragraph 23 and therefore denies those allegations and leaves the plaintiff to her proof.

24. Defendant Dupee lacks sufficient knowledge or information to respond to the allegations of paragraph 24 and therefore denies those allegations and leaves the plaintiff to her proof.

25. Defendant Dupee lacks sufficient knowledge or information to respond to the allegations of paragraph 25 and therefore denies those allegations and leaves the plaintiff to her proof.

26. Denied.

COUNT TWO

1.-25. Defendant Dupee's answers to paragraphs 1 through 25 of the First Count are hereby incorporated by reference and made his answers to paragraphs 1 through 25 of the Second Count as if fully set forth herein.

26. Denied.

27. Denied.

28. Denied.

COUNT THREE

1-25. Defendant Dupee's answers to paragraphs 1 through 25 of the First Count are hereby incorporated by reference and made his answers to paragraphs 1 through 25 of the Third Count as if fully set forth herein.

26. Denied.

27. Denied.

28. Denied.

29. Denied.

30. Denied.

## COUNT FOUR

1.-4. Defendant Dupee's answers to paragraphs 1 through 4 of the First Count are hereby incorporated by reference and made his answers to paragraphs 1 through 4 of the Fourth Count as if fully set forth herein.

5-20. Defendant Dupee's answers to paragraphs 10 through 25 of the First Count are hereby incorporated by reference and made his answers to paragraphs 5 through 20 of the Fourth Count as if fully set forth herein.

21. Denied.

22. Denied.

## COUNT FIVE

1-20. Defendant Dupee's answers to paragraphs 1 through 20 of the Fourth Count are hereby incorporated by reference and made his answers to paragraphs 1 through 20 of the Fifth Count as if fully set forth herein.

21. Admitted.

22. Denied.

23. The allegations of the first sentence of paragraph 23 are admitted. The allegations of the second sentence of paragraph 23 are denied.

FIRST AFFIRMATIVE DEFENSE TO THE FIRST COUNT ONLY

1. At all relevant times in May and June of 2001, defendant Dupee was acting within the course and scope of his position as the Director of the summer 2001 Gear Up Program for the City of Bridgeport and as such was acting under color of law.

2. The conduct of defendant Dupee, if and to the extent such conduct actually occurred, if at all, was discretionary, and based on the circumstances it was objectively reasonable for him to believe that his actions were lawful or that any such actions did not violate clearly established law of which a reasonable person would have known.

3. Defendant Dupee is therefore entitled to qualified immunity from suit.

SECOND AFFIRMATIVE DEFENSE TO COUNTS FOUR AND FIVE

1. If Count Four alleging discrimination and retaliation in violation of Title VII and/or Count Five alleging a violation of the ADEA is directed against Defendant Dupee, he was not an "employer" within the meaning of Title VII or the ADEA and therefore the Court lacks subject matter jurisdiction over said claims.

        Respectfully submitted
        Defendant Leroy Dupee

        //s//_____
        Warren L. Holcomb, Esq.
        Berchem, Moses & Devlin, P.C.
        75 Broad Street
        Milford, CT  06460
        (203) 783-1200
        Fed. ID #13127
        e-mail wholcomb@bmdlaw.com

CERTIFICATION

This is to certify that a copy of the Defendant's Answer and Affirmative Defenses of Defendant Leroy Dupee to Corrected Amended Complaint was mailed on September 13, 2004 postage prepaid to the following:

W. Martyn Philpot, Jr., Esq.
Marc L. Glynn, Esq.
W. Martyn Philpot, Jr., LLC
409 Orange Street
New Haven, CT  06511-6406

Pamela J. Coyne, Esq.
Lisa M. Grasso, Esq.
Durant, Nichols, Houston, Hodgson & Cortese-Costa, P.C.
1057 Broad Street
Bridgeport, CT  06604

                                          //s//_____
                                          Warren L. Holcomb, Esq.

19484\1\pleadings\mol