

CTDC/NHCT
03-cv-19
KRAVITZ

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

# SUMMARY ORDER

THIS SUMMARY ORDER WILL NOT BE PUBLISHED IN THE FEDERAL REPORTER AND MAY NOT BE CITED AS PRECEDENTIAL AUTHORITY TO THIS OR ANY OTHER COURT, BUT MAY BE CALLED TO THE ATTENTION OF THIS OR ANY OTHER COURT IN A SUBSEQUENT STAGE OF THIS CASE, IN A RELATED CASE, OR IN ANY CASE FOR PURPOSES OF COLLATERAL ESTOPPEL OR RES JUDICATA.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, at Foley Square, in the City of New York, on the 14th day of December two thousand and five.

PRESENT:

JON O. NEWMAN
JOSÉ A. CABRANES
PETER W. HALL
    *Circuit Judges*

-----------------------------------x

SCARLETT PIPKIN,

    *Plaintiff-Appellant*,

v.                                                                                    No. 05-1167

BRIDGEPORT BOARD OF EDUCATION, SONIA DIAZ SALCEDO, Superintendent, KENNETH HENRICI, Assistant Superintendent, RICHARD ROSA, Interim Mathematics Director, LEROY DUPEE, Gear Up Director, and JORGE PEZO, Teacher,

    *Defendants-Appellees*.

-----------------------------------x

**APPEARING FOR APPELLANT:**     MARC L. GLENN, Law Office of W. Martyn Philpot, Jr., LLC, New Haven, CT

**APPEARING FOR APPELLEE:**     LISA GRASSO EGAN, Durant, Nichols, Houston, Hodgson & Cortese-Costa, P.C., Bridgeport, CT

Appeal from a judgment of the United States District Court for the District of Connecticut (Mark R. Kravitz, *Judge*).

**UPON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the District Court is **AFFIRMED**.

ISSUED AS MANDATE: 1-5-06

Plaintiff Scarlett Pipkin appeals from a June 21, 2004 Memorandum of Decision of the District Court, *Pipkin v. Bridgeport Bd. of Educ.*, 323 F. Supp. 2d 326, 331 (D. Conn. 2004),[1] granting defendants' motions for summary judgment[2] and dismissing plaintiff's claims of race and age discrimination arising under Title VII, 42 U.S.C. § 2000e *et seq.*, and the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. §§ 621-634, as well as her state-law claim for intentional infliction of emotional distress.[3]

Plaintiff, who is African-American and over fifty years old, alleges that in the summer of 2001, she was denied employment as a math teacher in the "Gear Up" program—a state-funded school reform initiative designed to improve educational outcomes for low-income students—on the basis of her race and age. She further alleges that in 2002 she was involuntarily transferred from her position as Mathematics Resource Teacher ("MRT") at Florence Blackham School to a classroom-based position teaching multiple subjects to sixth-grade students at Barnum School, again on the basis of her race and age.

The District Court dismissed plaintiff's claims pertaining to the "Gear Up" program on the ground that plaintiff failed to provide sufficient evidence upon which a reasonable jury could conclude that (a) defendants' stated reasons for not rehiring her in 2001—that she had a history of poor performance in the job, and that there were more applicants than positions available—were false, and (b) that the hiring decision was actually motivated by impermissible race and age discrimination. *See Pipkin*, 323 F. Supp. 2d at 331-32.

The District Court dismissed plaintiff's claims arising from her 2002 job reassignment on two grounds. First, the District Court held that because plaintiff failed to raise a genuine issue of material fact as to whether she had suffered any "adverse employment action," she could not make out a *prima facie* case of race or age discrimination. *Id.* at 333-34. The District Court based its conclusion on the fact that plaintiff suffered no apparent "setback to [her] career," *Galabaya v. New York City Bd. of Educ.*, 202 F.3d 636, 641 (2d Cir. 2000), maintained the same salary and benefits in her reassigned position, passed up the chance to teach only mathematics, and declined an opportunity to revert to a non-classroom assignment. Second, the District Court held that, even if plaintiff could demonstrate that her reassignment did constitute an adverse employment action, she had, in any event, "failed to come forward with any evidence that would permit a trier of fact to conclude that [d]efendants' actions were motivated by race or age discrimination." *Pipkin*, 323 F. Supp. 2d at 334 n.6.

We review appeals from a district court's grant of summary judgment *de novo*, viewing the evidence in the light most favorable to the non-moving party. *See, e.g., James v. New York Racing Ass'n*, 233 F.3d 149, 152 (2d Cir. 2000). "Even where facts are disputed, in order to defeat summary

---

[1] Plaintiff also appeals from a February 23, 2005 Ruling and Order of the District Court dismissing all claims against Leroy Dupee and incorporating the reasoning of its June 21, 2004 Memorandum of Decision.

[2] All individual defendants are sued in both their individual and official capacities.

[3] At oral argument, plaintiff confirmed that the state-law claim has been abandoned.

2

judgment, the nonmoving party must offer enough evidence to enable a reasonable jury to return a verdict in its favor." *Byrnie v. Town of Cromwell[ ] Bd. of Educ.*, 243 F.3d 93, 101 (2d Cir. 2001). Although "[w]e are particularly cautious about granting summary judgment to an employer in a discrimination case when the employer's intent is in question[,] . . . even in the discrimination context, a plaintiff must provide more than conclusory allegations of discrimination to defeat a motion for summary judgment." *Schwapp v. Town of Avon*, 118 F.3d 106, 110 (2d Cir. 1997).

Upon our *de novo* review of the record, we agree with the District Court's conclusion that plaintiff failed to present sufficient evidence from which a reasonable factfinder could conclude (1) that defendants' explanations for not hiring and later reassigning plaintiff were pretextual and (2) that race and age were the animating forces behind defendants' challenged actions.

Accordingly, substantially for the reasons stated by the District Court in its thorough Memorandum of Decision dated June 21, 2004, we hold that summary judgment for defendants was appropriate.

\*    \*    \*    \*

We have considered all of plaintiff's arguments and found each of them to be without merit.[4] Accordingly, the judgment of the District Court is **AFFIRMED**.

FOR THE COURT,
Roseann B. MacKechnie, Clerk of Court

By *Lucille Carr*

A TRUE COPY
Roseann B. MacKechnie, CLERK

by *Tommy Martinez*
DEPUTY CLERK

---

[4] *See* notes 2 and 3, *ante*.

3